UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN HENDON,<br><br>                    Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE SENATE, et al.,<br><br>                    Defendants. | Case No.: 21cv505-RSH-MDD<br><br>**ORDERNING DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE** |

This case involves allegations of employment discrimination. (ECF No. 10 [Am. Compl.]). Plaintiff currently seeks an extension of time to conduct discovery. (ECF No. 20). In her *ex parte* motion, Plaintiff represents that Defendants would not stipulate to her requested extension, but she argues that good cause for modifying the Scheduling Order is presented. The Court disagrees.

**Background**

The Court entered a Scheduling Order in this case on May 9, 2022. (ECF No. 17). The parties were given five months to conduct discovery. (*Id.*) All discovery is set to conclude in three weeks, on October 11, 2022, and dispositive motions are due November 11, 2022. (*Id.*).

1 Plaintiff cites the Court's general admonition, which was given to the
2 parties in this case, that discovery deadlines may at times be extended if the
3 parties can establish that they have diligently sought to meet existing
4 deadlines.  (ECF No. 20 at 2-3).  On July 11, 2022, during a status conference
5 with this Court, Plaintiff's counsel suggested Plaintiff would need more time
6 to conduct discovery.  (*See id.*).  The Court explained to counsel that her
7 request was premature and urged the parties to complete discovery on time.
8 (*See id.*).  If the parties needed more time for discovery, the Court advised the
9 parties to present a joint motion showing good cause and reflecting diligence
10 in attempting to meet the existing deadlines.  (*See id.*).  The Court specifically
11 advised the parties to schedule and/or complete the depositions of the
12 Defendants' depositions as quickly as possible and to seek the Court's
13 assistance in that regard if needed.

14 In her motion to extend discovery, Plaintiff argues that she was diligent
15 by: (1) producing 600 documents to Defendants; (2) being deposed on July 8,
16 2022 (three days prior to the July status conference); (3) responding to 30
17 Requests for Production; and, (4) serving her first Requests for Production
18 and Special Interrogatories to Defendants on September 16, 2022.  (ECF No.
19 20 at 3).

20 **<u>Legal Standard</u>**

21 A scheduling order "may be modified only for good cause and with the
22 judge's consent."  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations,*
23 *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "[T]he focus of the inquiry is upon the
24 moving party's reasons for seeking modification.  If that party was not
25 diligent, the inquiry should end."  *Id.* (citation omitted).  "A scheduling order
26 is not a frivolous piece of paper, idly entered, which can be cavalierly
27 disregarded by counsel without peril." *EpicentRx, Inc. v. Carter*, No.

20CV1058-JO (MSB), 2022 WL 63043, at *1 (S.D. Cal. Jan. 6, 2022) (citation omitted).  "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*.

**Discussion**

The Scheduling Order in this case specifically advised the parties as follows:

> All discovery, including expert discovery, shall be completed by all parties by **October 11, 2022**. Completed means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date.

(ECF No. 17 ¶ 4). Plaintiff does not adequately explain why she waited until September 16, 2022, four months into the five-month discovery period to serve written discovery requests. Plaintiff asserts that she needs Defendants' responses to her September 16, 2022, discovery requests "to identify key witnesses and prepare for her depositions of Defendants."  (ECF No. 20 at 3). Defendants' responses, if served on September 16, 2022, would not even be due until October 16, 2022, five days after the discovery cut-off date, and outside the parameters of the Scheduling Order.  *See* Fed. R. Civ. P. 33-34.

In a footnote, Plaintiff's counsel refers to personal family challenges she has faced during the past year, and the Court is sympathetic to that issue. (*See* ECF No. 20 at 3 n.1).  If counsel could not adequately pursue the needed discovery, she should have associated with counsel who could timely pursue discovery.

Plaintiff's motion for 120 additional days to conduct discovery is **DENIED.**  The Court, considering the personal challenges expressed by

3

1  Plaintiff's counsel, will extend discovery for 30 additional days.  The
2  discovery deadline date is extended from October 11, 2022, to November 14,
3  2022.  All other dates remain as previously scheduled.  Any further request
4  for an extension must be supported by extraordinary cause.

5  **IT IS SO ORDERED.**

6  Dated:   September 20, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge